Filed 7/20/23  P. v. Miller CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080999 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE249592) |
| ARTHUR LEE MILLER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed.

Arthur Lee Miller, in pro. per.; Patrick Dudley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Arthur Lee Miller shot James E. in the back of the head, killing him. Miller then approached and pointed his gun at Richard A.  Richard ran as Miller pursued him.  Miller tried to shoot Richard several times but his gun would not fire.  On November 18, 2005, a jury convicted Miller of second

degree murder (count 1; Pen. Code,[1] § 187, subd. (a)) and attempted voluntary manslaughter (count 2; §§ 664 & 192, subd. (a)). The jury also found true that Miller personally used a handgun in the commission of both crimes (§ 12022.5, subd. (a)), personally used a handgun in the commission of the attempted voluntary manslaughter (§ 12022.53, subd. (b)), and intentionally discharged a handgun in the commission of the murder which proximately caused great bodily injury and death (§ 12022.53, subd. (d)). The trial court sentenced Miller to a total prison term of 55 years, six months to life. This court affirmed the judgment on direct appeal. (*People v. Miller* (Dec. 21, 2007, D048704) [nonpub. opn.].)

In 2022, Miller petitioned for resentencing under section 1172.6 (former section 1170.95). After appointing counsel for Miller, the trial court held a hearing and denied the petition based on Miller's failure to make a prima facie case for relief. (§ 1172.6, subd. (c).) The court stated:

> "The Court finds, Mr. Miller, that you have not established prima facie evidence showing that you're entitled to relief. You were the only suspect involved in this crime. The jury found that you personally killed the victim when they found you to personally and intentionally discharge a firearm, causing the victim's death. You were the only participant in the murder and you yourself intentionally fired the gun, causing the victim's death. You're not entitled to relief as to that charge.

> "As to the jury finding you guilty of attempted voluntary manslaughter, this petition is not applicable. The statute does not apply to attempted manslaughter; so, therefore, the petition is denied."

Miller appealed, and we appointed counsel to represent him. After examining the record, counsel filed an opening brief asking that we exercise

---

[1]    Undesignated statutory references are to the Penal Code.

2

our discretion to independently review the record for error pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Counsel identified two possible issues:  "Was the trial court's statement a recollection of the trial proceedings contrary to *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) or a factual statement summarizing the jury verdict?" And, "[a]ssuming the former, was it prejudicial?"  (*Id.* at pp. 970–975.)  We invited Miller to submit a supplemental brief.  He did, arguing he suffers from an intellectual disability preventing him from forming the specific intent to commit second degree murder.  We find the record shows Miller is not entitled to relief under section 1172.6, and we affirm the trial court's order denying the petition for resentencing.

## DISCUSSION

### *Standard of Review*

In reviewing trial court findings under section 1172.6, we apply the substantial evidence standard of review.  (See, e.g., *People v. Clements* (2022) 75 Cal.App.5th 276, 298; *People v. Garrison* (2021) 73 Cal.App.5th 735, 747).  Substantial evidence is defined as evidence that is reasonable, credible, and of solid value.  (*People v. Elliot* (2005) 37 Cal.4th 453, 466; *People v. Johnson* (1980) 26 Cal.3d 557, 576–578; *Jackson v. Virginia* (1979) 443 U.S. 307, 318–319.)

### *Substantial Evidence Supports the Trial Court's Denial of the Petition.*

A.  Legal background

Senate Bill No. 1437 (Reg. Sess. 2017-2018), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the

3

underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) Although the court may rely on the record of conviction, including a prior appellate court opinion, in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

B. Analysis

In reviewing the record of conviction for a section 1172.6 petition, the trial court may examine, among other items, the charging document (*People v. White* (2014) 223 Cal.App.4th 512, 524–525), jury instructions (*People v. Offley* (2020) 48 Cal.App.5th 588, 599) and verdict forms (*People v. Ervin* (2021) 72 Cal.App.5th 90, 106). The record of conviction here shows Miller is the only person charged in the case. The court instructed on a single second degree murder theory—that Miller unlawfully killed a human being with both malice aforethought and the intent to kill. The jury convicted Miller of it, finding true additional allegations involving the personal discharge and use of a firearm. (CALJIC No. 8.30.)

4

The court did not give any jury instructions on principals, aiders and abettors, felony murder, natural and probable consequences, conspiracy, target and nontarget offenses, or any other theories of imputed malice. The record of conviction establishes the jury convicted Miller as the actual killer who acted with an intent to kill rather than for any type of imputed malice theory. (See *People v. Garcia* (2022) 82 Cal.App.5th 956, 973 [where record of conviction "unequivocally establishes that defendant was the 'actual killer,' " defendant is not entitled to relief under section 1172.6 as a matter of law].) Any statement by the trial court denying Miller's petition merely summarized the jury's second-degree murder verdict and the attendant allegations the jury found true.

Miller contends the trial court erred when it denied his petition because he suffers from an intellectual disability that prevented him from forming the specific intent to commit second degree murder rendering his guilty verdicts invalid. This contention is unrelated to the denial of Miller's resentencing petition. Substantial evidence supports the trial court's ruling that Miller suffered convictions for offenses not within the purview of section 1172.6.

## DISPOSITION

The order denying defendant's Penal Code section 1172.6 petition is affirmed.

RUBIN, J.

WE CONCUR:


HUFFMAN, Acting P. J.


CASTILLO, J.

6